UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUBEN CHAVEZ,                                                    Dkt No.:
              Plaintiff,

       -against-                                               **COMPLAINT**

ROOSEVELT TROPICAL, CORP. d/b/a TROPICAL
RESTAURANT and JAIME "JIMMY" ILLESCAS,
individually,
              Defendants.
------------------------------------------------------------X

      Plaintiff Ruben Chavez ("Plaintiff" or "Mr. Chavez"), by and through his attorneys, Joseph & Norinsberg, LLC, as and for his Complaint against Roosevelt Tropical Corp. d/b/a Tropical Restaurant ("Tropical Restaurant") and Jaime "Jimmy" Illescas ("Illescas") (collectively, "Defendants"), alleges upon personal knowledge as to himself and upon information belief as to all other matters, as follows:

## NATURE OF THE COMPLAINT

      1.    For over twelve (12) years, Plaintiff worked under various front-end and back-end capacities at Defendants' Tropical Restaurant, where he worked up to sixty-nine (69) hours per week. Throughout his employment, Plaintiff did not receive the statutory minimum wage, overtime pay for hours worked over forty per week, or spread of-hours pay.  Additionally, Plaintiff did not receive wage notices, or wage statements at the end of each pay period.

      2.    Plaintiff brings this action seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190, et seq. ("NYLL"),  and the New York Wage Theft Prevention Act ("WTPA").

**JURISDICTION**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.* The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as Defendants reside within this judicial district.

5. On March 20, 2020, then-New York Governor Andrew M. Cuomo signed Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued through subsequent extensions of that Order via Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, and 202.67, through November 3, 2020. In total, the Executive Orders provided for a toll of two hundred and twenty-eight (228) days.

**DEMAND FOR TRIAL BY JURY**

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

**PARTIES**

*Plaintiff Ruben Chavez*

7. Plaintiff Ruben Chavez is an individual who at all times relevant to this Complaint, is and has been a resident of the state of New York.

2

8. From approximately 2009 until March 27, 2022, Plaintiff worked for Defendants' Tropical Restaurant under various capacities.

9. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYLL, and NYCRR.

***Defendant Roosevelt Tropical Corp. d/b/a Tropical Restaurant***

10. Defendant Roosevelt Tropical Corp. is a New York corporation that owns, operates, and does business as Tropical Restaurant, an Ecuadorian restaurant located at 67-22 Roosevelt Avenue, Woodside, New York 11377.

11. Tropical Restaurant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Tropical Restaurant has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. In the three years preceding the filing of this Complaint, Tropical Restaurant has had an annual gross volume of sales in excess of $500,000.

***Defendant Jaime "Jimmy" Illescas***

14. Defendant Jaime "Jimmy" Illescas owns and operates five Tropical Restaurants located throughout Queens, New York

15. Illescas is the principal and/or managing member of Defendant Roosevelt Tropical Corp.

16. Illescas actively participated in the day-to-day operations of the Restaurant and had the power to hire and fire employees. Illescas did, in fact, hire and directly supervise Plaintiff.

17. At all relevant times herein, Defendants exercised, and continue to exercise, control

over the terms and conditions of Plaintiff's employment, in that Defendants had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiff herein; and (v) otherwise affect the quality of the employees' work conditions and employment. Accordingly, Defendants were Plaintiff's "employer(s)" within the meaning of the FLSA, NYLL, and NYCRR.

## FACTUAL ALLEGATIONS

18. Plaintiff worked for Defendants' Tropical Restaurant under various capacities from on or about October 2009 until March 27, 2022.

19. While Plaintiff was ostensibly employed as a "Manager," in actuality, he was required by Defendants to primarily perform non-managerial duties. Specifically, Plaintiff's primary duties included *inter alia*: (i) working as a Restaurant cashier; (ii) cooking/prepping food; (iii) serving food; (iv) bussing tables; and (v) cleaning the Restaurant.

20. Defendants regularly required Plaintiff to work, and Plaintiff did in fact work, from 11:30 a.m. to 11:00 p.m., Monday through Wednesday and Friday through Sunday. Each week, Plaintiff worked sixty-nine (69) hours per week.

21. As a result, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, twenty-nine (29) hours of overtime per week, virtually every week of his employment.

22. Despite working twenty-nine (29) hours of overtime hours per week, Defendants did not pay Plaintiff any wages for the overtime hours he worked.

23. From approximately 2013 through 2016, Plaintiff was paid $375 per week.

24. From approximately 2017 through 2018, Plaintiff was paid $400 per week.

25. From approximately 2019 through 2022, Plaintiff was paid $500 per week.

4

26. Plaintiff was paid his wages from Defendants in cash.

27. Plaintiff was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate, on days that his shifts exceeded ten hours, as required by the NYLL.

28. Defendants did not furnish Plaintiff with wage statements with each payment of wages as required by the NYLL.

29. Defendants did not furnish Plaintiff with wage notices at his time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

## FIRST CLAIM
### (*New York Labor Law – Unpaid Minimum Wage*)

30. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

32. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

33. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

34. Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

35. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and other similarly situated non-exempt workers minimum hourly wages.

36. As a result of Defendants' violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## SECOND CLAIM
*(Fair Labor Standards Act – Unpaid Overtime Wages)*

37. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. Defendants were "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

39. Defendants were required to pay Plaintiff one and one-half (1½) times his regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

40. Defendants failed to pay Plaintiff the overtime wages to which they were entitled under the FLSA.

41. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

42. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CLAIM
*(New York Labor Law – Unpaid Overtime Wages)*

43. Plaintiff repeats, reiterates, and realleges every allegation set forth above with the same force and effect as if more fully set forth herein.

44. Defendants were Plaintiff's "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

6

45. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff at one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

46. Defendants failed to pay Plaintiff his overtime wages to which he was entitled to under the NYLL and its supporting regulations.

47. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff his overtime wages.

48. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post- judgment interest.

## FOURTH CLAIM
*(New York Labor Law – Spread of Hours Pay)*

49. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. Defendants willfully failed to pay Plaintiff an additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shifts spread over more than ten hours.

51. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

52. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

## FIFTH CLAIM
**(*NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements*)**

53. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

55. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

56. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## SIXTH CLAIM
*(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)*

57. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

59. Defendants failed to furnish Plaintiff at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

60. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum wage provisions of the NYLL;

b. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

c. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

d. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and the NYLL were willful;

f. awarding damages for unpaid minimum and overtime wages;

g. awarding unpaid spread-of-hours pay;

h. awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

    i. awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

    j. awarding pre-judgment and post-judgment interest under the NYLL;

    k. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    l. awarding such other and further relief as the Court deems just and proper.

Date: New York, New York
March 29, 2023

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Jon L. Norinsberg, Esq.
Diego O. Barros, Esq.
110 East 59th Street, Suite 3200
New York, New York 10022
Tel.: (212) 227-5700
Fax: (212) 656-1889
E-mail: jon@norinsberglaw.com
        diego@norinsberglaw.com
*Attorneys for Plaintiff*